# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTONIO GUTIERREZ,

    Petitioner,

v.                                                     Civ. No. 19-cv-1100 WJ-KRS
                                                        CR No.   12-cr-2222 WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Petitioner Antonio Gutierrez's 28 U.S.C. § 2255 habeas motion (CR Doc. 199; CV Doc. 1) (Motion).  Gutierrez asks the Court to vacate his federal convictions for producing child pornography.  Having reviewed the record *sua sponte* under Habeas Corpus Rule 4, the Court will require Gutierrez to show cause why his Motion should not be dismissed as untimely.

## BACKGROUND

       In 2011, Gutierrez purchased a cellular phone for his sixteen-year-old daughter in a scheme to obtain nude photographs.  He purportedly told her the "first month was free" and then coerced her to provide nude photographs to "pay for the bill."  (CR Doc. 1 at 5-6).  Police raided Gutierrez's residence in 2011 or 2012 and found the photographs on his laptop computer, digital camera, and cellular phone.  Gutierrez was charged with three counts of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2256.

       Gutierrez proceeded to trial, where a jury convicted him of all charges.  The Court sentenced him to 360 months in prison.  Gutierrez filed a direct appeal, and the Tenth Circuit affirmed by a mandate entered October 6, 2015.  The record reflects Gutierrez did not appeal

further.  The criminal judgment therefore became final no later than January 5, 2016, following expiration of the ninety-day period for seeking federal certiorari review.  *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition … has passed").

Gutierrez filed the instant § 2255 Motion on November 25, 2019.  (CR Doc. 199).  He alleges: (1) he is innocent of the crimes due to hydrocodone use and a brain disease caused by the herpes simplex virus; (2) trial counsel provided ineffective assistance; (3) new evidence indicates his daughter "provoked" the photography by taking "selfies;" (4) the evidence is insufficient to support the conviction; (5) he should have received a downward variance at sentencing; and (6) the Court lacked jurisdiction to try and convict him.

## DISCUSSION

The Motion is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2255.  Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims.  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition."  Habeas Corpus Rule 4(b).  "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...."  *Id.*  As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition."  *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final.  *See* 28 U.S.C. § 2255(f).  The one-year limitation period can be extended where:

(1) The defendant was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The defendant could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Gutierrez's convictions became final on January 5, 2016, after he exhausted the direct appeal process. The record reflects there was no tolling activity during the next year, and limitation period expired on January 5, 2017. The Motion, filed November 25, 2019, therefore appears to be time-barred. Gutierrez appears to acknowledge the issue but seeks tolling by invoking the actual-innocence exception to § 2255(f). *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the [habeas] statute of limitations."). "Th[e] actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quotations omitted). A habeas petitioner must "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).

Gutierrez's Motion relies on a series of unsupported allegations regarding competency and

drug use, along with tasteless accusations about his teen daughter's sexual provocation. Such allegations do not satisfy the actual-innocence standard, nor would they make a reasonable juror reconsider his or her verdict. *See Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014) ("[s]imply maintaining one's innocence" and "casting doubt on witness credibility" do not establish actual innocence). The Motion therefore fails to overcome the time-bar in the case.

Rather than dismissing the Motion outright, and in accordance with local custom, the Court will allow Gutierrez to file a response containing more information about the time-bar and the actual innocence exception. The response must be filed within thirty (30) days of entry of this Order. Failure to timely comply will result in dismissal of the habeas action without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Memorandum Opinion and Order, Gutierrez must file a response showing cause, if any, why his § 2255 Motion should not be dismissed as untimely.

_____
CHIEF UNITED STATES DISTRICT JUDGE