IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO GUTIERREZ,

    Petitioner,

v.                                                           Civ. No. 19-cv-1100 WJ-KRS
                                                            CR No. 12-cr-2222 WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Antonio Gutierrez's 28 U.S.C. § 2255 habeas motion (CR Doc. 199; CV Doc. 1) (Motion). Gutierrez asks the Court to vacate his federal convictions for producing child pornography. The Court previously directed Gutierrez to show cause why his § 2255 Motion should not be dismissed for failure to file within the one-year statute of limitations. Gutierrez did not respond, and the Court will dismiss the Motion with prejudice.

## BACKGROUND

In 2011, Gutierrez purchased a cellular phone for his sixteen-year-old daughter in a scheme to obtain nude photographs. He purportedly told her the "first month was free" and then coerced her to provide nude photographs to "pay for the bill." (CR Doc. 1 at 5-6). Police raided Gutierrez's residence in 2011 or 2012 and found the photographs on his laptop computer, digital camera, and cellular phone. Gutierrez was charged with three counts of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2256.

Gutierrez proceeded to trial, where a jury convicted him of all charges. The Court sentenced him to 360 months in prison. Gutierrez filed a direct appeal, and the Tenth Circuit affirmed by a mandate entered October 6, 2015. The record reflects Gutierrez did not appeal

further.  The criminal judgment therefore became final no later than January 5, 2016, following expiration of the ninety-day period for seeking federal certiorari review.  *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition … has passed").

Gutierrez filed the instant § 2255 Motion on November 25, 2019.  (CR Doc. 199).  He alleges: (1) he is innocent of the crimes due to hydrocodone use and a brain disease caused by the herpes simplex virus; (2) trial counsel provided ineffective assistance; (3) new evidence indicates his daughter "provoked" the photography by taking "selfies;" (4) the evidence is insufficient to support the conviction; (5) he should have received a downward variance at sentencing; and (6) the Court lacked jurisdiction to try and convict him.  By an Order entered May 27, 2020, the Court screened the Motion and determined it was plainly time-barred.  (Doc. 6); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition.").  The Court directed Gutierrez to show cause why the case should not be dismissed, but he failed to respond.

## DISCUSSION

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final.  *See* 28 U.S.C. § 2255(f).  The one-year limitation period can be extended where:

(1)     The defendant was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2)     The motion is based on a "right [that] has been newly recognized by the Supreme

2

Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The defendant could not have discovered "the facts supporting the claim … through the exercise of due diligence."  § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Gutierrez's convictions became final on January 5, 2016, after he exhausted the direct appeal process.  The record reflects there was no tolling activity during the next year, and limitation period expired on January 5, 2017.  The Motion filed November 25, 2019 is therefore time-barred under § 2255(f).

In its prior Order, the Court set out this timeline along with the legal standards for statutory and equitable tolling.  The Court also rejected the show-cause argument that Gutierrez included in his original Motion (CR Doc. 199), namely that he is innocent of the relevant crimes.  *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the [habeas] statute of limitations.").  As previously explained, the actual innocence exception is rare and will only be applied in the extraordinary case."  *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quotations omitted).  A habeas petitioner must "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).  The Court determined Gutierrez's unsupported allegations regarding competency and opiate use, along with his tasteless accusations about his teen daughter's sexual provocation, would not make a reasonable juror reconsider his or her verdict.  *See Frost v.*

3

*Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014) ("[s]imply maintaining one's innocence" and "casting doubt on witness credibility" do not establish actual innocence).

Rather than dismissing the Motion outright, and in accordance with local custom, the Court allowed Gutierrez to file a response providing more information about the time-bar and the actual innocence exception. Because he failed to respond, and because the time-bar is clear from the Petition and record, the Court will dismiss the Motion with prejudice. Gutierrez's pending motions to stay the habeas proceeding, and then to restart the habeas proceeding, will also be denied as moot. (CV Docs. 3-5). Finally, the Court will deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that the Motions to Stay Habeas Proceeding (**CV Docs. 3-4**) and Motion to Restart Habeas Proceeding (**CV Doc. 5**) are **DENIED as moot**.

**IT IS FURTHER ORDERED** Petitioner Antonio Gutierrez's 28 U.S.C. § 2255 habeas motion (**CR Doc. 199; CV Doc. 1**) **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE